## CIRILO ZAMORA V. STATE.

No. 24430. October 19, 1949.
Rehearing Denied November 23, 1949.

*Hubert T. Faulk,* El Paso, for appellant.

*Roy D. Jackson,* District Attorney, *William E. Clayton,* Assistant District Attorney, El Paso, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for rape with a penalty of death.

The prosecuting witness was Berta Zamora, the thirteen year old daughter of appellant. She was the child of his deceased wife and made her home with her grandmother, some distance across the city from appellant's place of residence. The girl's testimony was to the effect that the father had had intercourse with her several times, the exact dates not being stated. She gave conflicting testimony about this, but did make statements which support the jury's verdict. Much discussion is made of the statement of the girl that she did not see her father from about Christmas of 1947 until October, 1948, while the doctor's evidence fixes the date she became pregnant at about August 1, 1948. This testimony presented a situation which should have called for the closest scrutiny by the jury and is viewed as quite a weakening link in the state's chain of evidence. The question thus raised, however, was settled by the jury's verdict.

Appellant presents his case before this court on four "Assignments of Error." One of these has some reference to a bill of exception found in the record. The other three are in no way supported by any such bill. We have repeatedly called attention to the fact that questions cannot be raised in the court of criminal appeals by assignments of error. Questions of the nature discussed in appellant's brief can only be considered by us when presented by proper bill of exception. We find evidence in the record which is altogether hearsay, but it was admitted, without objection, and no bill of exception complains of its introduction.

Bill of Exceptions No. 1, discussed by appellant in his brief,

complains of the evidence of the prosecuting witness when she detailed the circumstances surrounding an act of intercourse which her father had with her. The only complaint lodged against it was that the state had fixed no time of this occurrence. We consider that it was one of the instances which she had stated as coming within the period of one year prior to the time of the indictment. The position taken in the appeal is not tenable.

The state offered in evidence a written confession signed by appellant sometime after his arrest. Objection was lodged to the introduction of this instrument on the ground that it failed to set out the dates on which the transactions occurred. Considered with the other evidence in the case, we think this is not tenable. There are no other bills of exception in the record.

A motion for new trial was filed which was accompanied by ten affidavits all to the effect that the foreman of the jury, which found appellant guilty and assessed the penalty, was not a juror qualified under the law, for the reason that he had a prejudice against appellant and had expressed himself, prior to the time of the trial, as wanting to get on the jury for the purpose of giving him the death penalty. The statement of facts made on the hearing of the motion for new trial contains the undisputed evidence of the juror involved, together with several others who served on the same jury. Each one denies statements contained in these affidavits and completely exonerates the juror from the charges brought against him by the motion for new trial. Appellant failed to introduce any evidence in rebuttal of this testimony. He even failed to introduce into evidence the affidavit forming a part of the motion for new trial. The trial court found as a fact that the things alleged in the motion for new trial did not occur. His finding, thus strongly supported by the record, is binding on this court.

The circumstances under which the prosecuting witness lived were quite unfavorable to the state's case. Witnesses testified in behalf of appellant and their testimony has the effect of contradicting the evidence upon which the state relies for a conviction. The unfortunate fact which was developed by reason of this young girl's pregnancy is not brought to this court with that kind of evidence most acceptable. It did, however, satisfy the jurors whose sworn duty it was to reach a conclusion of facts and fix the measure of punishment. There is nothing in the record which would warrant this court in setting aside their verdict by a reversal of the judgment rendered thereon.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant contends that we erred in our original opinion by overruling his Bills of Exception Nos. 1 and 2 wherein he complained of the action of the trial court in permitting the injured party to testify to an act of sexual intercourse with appellant. His ground of objection was that she did not state the date when this act occurred; that it may have been more than a year prior to the return of the indictment. These bills are deficient, in this that they fail to recite that the act occurred more than a year before the indictment was returned, which was necessary for the bills to show error. However, since the death penalty was assessed as his punishment for the offense, we have re-examined the record to determine when the act complained of probably occurred, and we find that she testified that the act occurred last year during the time that school was in vacation. The record further shows that the indictment in this case was returned in January, 1949. Therefore, according to her testimony, the intercourse occurred in the summer of 1948, and within the period of one year.

He also claims that we erred in holding that the purported confession by appellant was admissible in evidence. We have again reviewed the question and are convinced that the matter was properly disposed of in our original disposition of this case.

The motion for rehearing is overruled.

Opinion approved by the court.